

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,194-01

### EX PARTE DONNA RENEE THOMAS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1344600-A IN THE 263RD DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of capital murder and sentenced to life in prison. The First Court of Appeals affirmed her conviction. *Thomas v. State*, No. 01-12-00522-CR (Tex. App.—Houston [1st Dist.] del. Dec. 19, 2013) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that her appellate counsel was ineffective because counsel failed to challenge the trial court's ruling allowing the State to introduce into evidence unrecorded oral statements Applicant made to police. Applicant has alleged facts that, if true, might entitle her to relief. *Strickland v. Washington*, 466 U.S. 668 (1984).

Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order appellate counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent her at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether appellate counsel's performance was deficient and Applicant was prejudiced. The trial court shall also make findings regarding whether laches is applicable to the habeas claim. *Carrio v. State*, 992 S.W.2d 486 (Tex. Crim. App. 1999); *Ex parte Perez*, 398 S.W.3d 206 (Tex. Crim. App. 2013). The trial court may make any other findings and conclusions that it deems appropriate.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: October 19, 2022
Do not publish